IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

OPINION AND ORDER

08-cv-642-bbc
05-cr-12-bbc

Plaintiff,

v.

LARRY HARVEY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Larry Harvey has filed a timely motion for postconviction relief under 28 U.S.C. § 2255, contending that his counsel was constitutionally ineffective for failing to contest at sentencing the government's allegation that defendant had been conspiring to distribute the crack form of cocaine and not the powder form.  The motion will be denied. Defendant agreed at his plea hearing that the government could prove that he had approximately 50 grams of packaged crack cocaine in the glove box of his car when he was stopped by the police in Beloit, Wisconsin on January 7, 2005 and that it could prove that the packaged substance had been analyzed by the Wisconsin State Crime Laboratory and found to be crack cocaine weighing more than five grams.  Not only did defendant agree that

1

the government could prove what it said it could but he told the court that he had both crack cocaine and a gun in his car when he was stopped.

Defendant has not proffered any evidence that the substance recovered from his car was not crack, so he has no ground on which to contend that his counsel was ineffective in not challenging the government's evidence.

RECORD EVIDENCE

Larry Harvey was charged by the grand jury with two counts of drug and gun violations, specifically with possession of more than five grams of a mixture or substance containing cocaine base with intent to distribute and with carrying a firearm in furtherance of a drug crime.  On April 19, 2005, he entered a plea of guilty to both counts.  During the plea hearing, the government told the court that if defendant had gone to trial on the charges against him, it would have produced the following evidence.  An officer of the Beloit Police Department would have testified that on January 7, 2005, he stopped a vehicle driven by defendant.  When he approached the vehicle, he saw open intoxicants in the car and asked defendant and two other passengers to get out of the car.  A pat-down search revealed approximately $3,500 on defendant's person.  Incident to defendant's arrest, the police searched defendant's car, where they located approximately 53 grams in package weight of crack cocaine in the glove compartment, along with a digital scale, approximately twelve

2

grams of powder cocaine, 13 grams of THC and a loaded Keltec, Model P-42, .32 caliber pistol with a scratched off serial number.  In addition, a drug identification expert from the Wisconsin State Crime Laboratory would have testified that the solid white material taken from defendant's car weighed more than five grams and tested positive for the presence of cocaine base.

When asked, defendant said that he did not think there was anything in the government's summary that it could not prove at trial.  He confirmed to the court that he had cocaine base or crack cocaine in his car and that he had the gun as well.

At sentencing, defendant's attorney made no objection to the alleged nature of the cocaine.  However, she argued vigorously for a sentence outside the guidelines on the ground that defendant had almost no criminal record.

OPINION

It is clear from the facts of record that defendant's challenge to his sentencing is without merit.  He has adduced no evidence to support his claim of ineffective assistance of counsel.  His claim rests on her failure to challenge the accuracy and validity of the laboratory report but he has no reason to believe that the report was vulnerable to attack. Simply saying that his counsel should have challenged the lab report does not raise a question about counsel's effectiveness, let alone show that her performance fell below

3

constitutional standards.

Defendant has filed a motion for a reduction in his sentence under 18 U.S.C. § 3582. That motion is not yet ready for decision but will be acted upon promptly as soon as defendant's counsel and the government have had an opportunity to brief it.


ORDER

IT IS ORDERED that defendant Larry Harvey's motion for postconviction relief under 28 U.S.C. § 2255 is DENIED.

Entered this 2d day of January, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4